The opinion of the Court was delivered by
Fknnjsr, J.
At a meeting of the creditors of the insolvents, a vote was taken for syndic. W. 0. Hart received the votes of a majority of creditors in amount, while another party received the votes of the majority in number. Hart asked to he appointed syndic, as having been legally elected, and from the judgment of the court rejecting his application he prosecutes this appeal.
The Judge rests his conclusion on the ground that Hart had not received the votes of the majority of creditors in number and amount, as required by Section 1799 of the Revised Statutes, which reads as follows:
“ In all the deliberations which shall take place between the creditors, either for the choice of syndic, or for the sale or disposal of the property surrendered, or for any other object relative to the mass of the creditors, the opinion of the majority of the creditors in number and in amount shall prevail; hut in case of any equality, then the number of persons shall prevail.”
It must he admitted that the language of the Section is clear and unambiguous, in so far as it requires the votes of “ the majority of creditors in number and amount ” in order to elect a syndic, or to determine any other question which, under the law, may be submitted to the creditors.
An ingenious argument is presented to induce us to disregard the language of the Statute and to hold that the legislature meant to say that “the opinion of the majority of-the creditors in amount shall prevail,” and that the words, “ in number and ” slipped into the Statute through inadvertence and in violation of the legislative intention, and should be eliminated and disregarded.
In support of this it is urged :
1. That a literal construction would render the last phrase of the Section absurd and meaningless. That phrase is, “hut in case of any equality, then the number of persons shall prevail.” It requires no stress of construction to reconcile this with the previous provision, as *1223 thus : the opiuion of the majority in number and amount shall prevail, but in case of equality'^» amount, then the number of persons shall prevail. No other equality could be referred to, because, of course, if there was an equality in number, it would be absurd to say that the majority in number should prevail.
2. It is urged that the law prior to the adoption of the Revised Statutes had always been in accordance with the view now taken by appellant. This would rather seem to be an argument against his position ; for if it had not been the legislative intention to change the law, why should they have changed the language?
3. It is claimed that the words “in number and” evidently crept in through inadvertence or clerical error. This is possible; but, on the other hand, it is to be borne in mind that at the date of the revision, the. bankrupt law of the United States was in full vigor and it required a majority of creditors in numbers and amount to elect assignees. U. S. Rev. Stat., Sec. 5034.
It may well be that the legislature thought proper to assimilate our Statute, to this irrovision. A like rule is also followed in respite proceedings under our own Code. Art. 3086.
4. It is claimed that under a literal construction, in case of an equality in number of votes, there can be no appointment of a syndic or determination of any other question which may be submitted to creditors, and thus the insolvent proceedings would be clogged and stopped.
This apprehension is unfounded. So far as the election of syndic is concerned, Sec. 1810, R. S., fully provides for the case of failure of creditors to elect, and is again in harmony with the U. S. Bankrupt Law, Sec. 50.34. It is true Sec. 1810 provides for the case where the creditors “ refuse to appoint a syndic,” but when they refuse to vote in such manner as to appoint under the Statute, they may well be held “ to refuse to appoint.”
This Court, in construing the 29th Section of the Act of 1877, which is identical with R. S., Sec-. 1810, held “ that in case the meeting of creditors fail to elect a syndic, the court shall authorize the sheriff to perform the functions of syndic.” Morris vs. Williams, 6 An. 391.
So in the matter of determining the “ times, places, terms and conditions” of sale of property under R.. S. 1812, it was long since held that in case of failure of creditors to fix them, they should be governed by the law regulating execution sales. Mayfield vs. Comeau, 7 N. S. 180 ; Rivas vs. Hemstock, 2 Rob. 187; Egerton vs. Creditors, Id. 201.
Nor is there any matter submitted to the determination of creditors, for the disposition of which the court cannot find ample authority in law, in case of failure of the creditors to act.
*1224 The fear that the insolvency proceedings may be stopped is entirely illusory.
We find nothing in this case which would justify such a heroic operation as the excision of vital parts from the body of the law.
The Judge in this case did not err, therefore, in rejecting the application of Hart; and, in ordering another meeting of the creditors to afford a new opportunity of election by them, he exercised a discretion with which we have no disposition to interfere. .
Judgment affirmed at appellant’s costs.
Pochó, J., dissents, reserving the right to file his reasons.